14-3415
*Mohammed v. Great Atlantic & Pacific Tea Company, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

NAUSHAD MOHAMMED,

    *Plaintiff-Appellant,*

  -v.-          No. 14-3415

GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC.,

    *Defendant-Appellee.*

_____

FOR APPELLANT:  Chauncey D. Henry, Henry Law Group, Garden
         City, NY.

FOR APPELLEE:            Douglas P. Catalano, Norton Rose Fulbright US LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Naushad Mohammed ("Mohammed") appeals from a judgment of the United States District Court for the Southern District of New York, granting Defendant-Appellee Great Atlantic & Pacific Tea Company, Inc.'s ("A&P") motion to dismiss Mohammed's employment discrimination action. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

The District Court held that the confirmation order entered in A&P's Chapter 11 bankruptcy proceedings discharged and released A&P from all of Mohammed's employment discrimination claims because his discrimination

---

[1] We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

claims in fact arose prior to the March 13, 2012 effective date by which payment requests for existing claims were due and Mohammed never filed a claim with the bankruptcy court. We find no error in the District Court's holding. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000).

We also affirm the District Court's holding that Mohammed failed to rebut the presumption, established by A&P's evidentiary submissions,[2] that Mohammed had received notice of the effective date, since mere denial of receipt is insufficient. *See Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985). The District Court also correctly rejected Mohammed's argument that his claims survive because A&P engaged in conduct exempted from discharge by Section 523 of the Bankruptcy Code, 11 U.S.C. § 523(a)(6). Mohammed fails to establish why A&P, a corporate entity, is susceptible to the Section 523 discharge exemption. *Cf. In re Chateaugay Corp.*, 920 F.2d 183, 184 (2d Cir. 1990) (surveying various Bankruptcy Code sections and concluding, in the context of Section 362, "that Congress used the word 'individual' rather than 'person' to mean a natural person.").

---

[2] The District Court took judicial notice of this documentary evidence after it determined that there would be no harm to Mohammed because he had already reviewed the evidence and had an opportunity to amend his complaint accordingly. *Chambers*, 282 F.3d at 153. Mohammed nowhere disputes this determination.

We have considered all of Mohammed's remaining arguments and find them to be without merit.  Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk